**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **NOVOCRYPT LLC,**<br>**Plaintiff,**<br>**v.**<br>**SCOSCHE INDUSTRIES, INC.,**<br>**Defendant.** | **No. 5:17-cv-29-RWC-CMC**<br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Novocrypt LLC, by and through its undersigned counsel, files its First Amended Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

**THE PARTIES**

1. Plaintiff Novocrypt LLC is a Texas limited liability company with a principal office at 3401 Custer Road, Suite 125-A, Plano, TX 75023.

2. Defendant Scosche Industries, Inc., is a California corporation with a principal office at 1550 Pacific Avenue, Oxnard, California 93033-2451. Defendant may be served with process through Roger J. Alves at its principal office.

**JURISDICTION AND VENUE**

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged patent infringements occurred in this Judicial District; and (iii) Defendant regularly solicits business, engages in other persistent courses of

conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE PATENT-IN-SUIT

7. On June 22, 2010, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,743,213 ("the 213 patent"), titled "Portable Storage Device With Network Function." A true and accurate copy of the 213 patent is attached at Exhibit A.

8. The 213 patent is presumed valid under 35 U.S.C. § 282(a).

9. Plaintiff is the owner and assignee of all substantial rights, title, and interest in the 213 patent, including the right to assert all causes of action arising under the patent and the right to recover all past and future damages for infringement of the patent.

## THE ACCUSED PRODUCT

10. Defendant's Accused Product is its Rhythm+™ Armband Heart Rate Monitor.

11. The Accused Product is designed to be used with smartphones, such as the Apple iPhone and Android phones, to monitor and measure a person's heart rate during exercise and transmit the heart rate information to the smartphones via mobile applications stored on the phones.

12. Defendant advertises on its website that the Accused Product is compatible with Apple iPhones and Android phones and multiple iPhone and Android mobile applications.

13. On information and belief as understood by persons of ordinary skill in the art, Defendant tests its Accused Product with the Apple iPhone and Android phones and iPhone and Android mobile applications before advertising on its website that the Accused Product is compatible with the iPhone and Android mobile applications.

14. Defendant instructs its customers on its website how to connect to and see heart rate data on Apple iPhones and Android phones through iPhone and Android mobile applications.

15. On information and belief as understood by persons of ordinary skill in the art, Defendant tests its Accused Product with the Apple iPhone and Android phones and iPhone and Android mobile applications before publishing its connection instructions on its website.

**COUNT I**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,743,213**

16. Plaintiff incorporates by reference herein each of its foregoing allegations.

17. Plaintiff conducted a pre-filing investigation, comparing the Accused Product to one or more claims of the 213 patent.

18. Without license or authorization and in violation of 35 U.S.C. §§ 271(a), Defendant directly infringes one or more claims of the 213 patent in this District and throughout the United States, literally or under the doctrine of equivalents as understood by a person of ordinary skill in the art.

19. Defendant directly infringes at least Claim 1 of the 213 patent by testing and using the Accused Product within this District and the United States in a manner that infringes at least Claim 1 of the 213 patent as understood by a person of ordinary skill in the art as follows:

A portable storage device with network function (*e.g., during testing and use, the Accused Product uses an Apple iPhone or Android phone*), comprising:

an interface unit for coupling to an electronic apparatus (*e.g., during testing and use, the Accused Product uses a Bluetooth unit in an Apple iPhone or Android phone for connecting to the Accused Product*);

a network unit located within the portable storage device for linking with a remote network host (*e.g., during testing and use, the Accused Product uses the Apple iPhone or Android phone's Wi-Fi or cellular data units for linking with a mobile application's server*);

a memory unit located within the portable storage device providing access of data and temporarily storing data received from the electronic apparatus (*e.g., during testing and use, the Accused Product uses the Apple iPhone or Android phone's*

*memory unit for temporarily storing and accessing heart rate data in the phone's memory*); and

a processing unit located within the portable storage device that receives instructions from the electronic apparatus for controlling access of data between the memory unit and the electronic apparatus with data transmission via the interface unit (*e.g., during testing and use, the Accused Product provides instructions to the Apple iPhone or Android phone's processing unit via a mobile application stored on the phone for communicating heart rate data between the Accused Product and the phone's memory via the phone's Bluetooth unit*), and access of data between the memory unit and a remote network host with data transmission via the network unit (*e.g., during testing and use, the Accused Product provides instructions via a mobile application stored on an Apple iPhone or Android phone to the phone's processing unit for communicating heart rate data between the phone's memory and the mobile application's server via the phone's Wi-Fi or cellular data units*), wherein data is directly stored on the remote network host (*e.g., wherein the heart rate data is directly stored on the mobile application's server*);

wherein the portable storage device with network function is removably coupled to said electronic apparatus, expanding storage capacity of the electronic apparatus (*e.g., during testing and use, the Accused Product is removably connected to an Apple iPhone or Android phone via the phone's Bluetooth unit, which expands the storage capacity of the Accused Product by storing heart rate data in the phone's memory*).

20. Exhibit B provides a further analysis of Defendant's direct infringement of at least Claim 1 of the 213 patent.

21. Claim 1 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

22. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant directly infringes at least Claim 1 of the 213 patent through its testing and use of the Accused Product upon a plain reading of this Complaint, the 213 patent, and at least Claim 1.

23. Since at least the date that Defendant was served with a copy of Plaintiff's Complaint, Defendant has known that it is directly infringing one or more claims of the 213 patent through its testing and use of the Accused Product.

24. Plaintiff reserves the right to modify its direct infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint.

25. Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Judgment that Defendant has infringed the 213 patent under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial.

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(a).

Dated: April 25, 2017

Respectfully submitted,

____________________

Peter J. Corcoran, III
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*Novocrypt LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record whom have consented to electronic service were served with a copy of this document under this Court's CM/ECF system and local rules on April 25, 2017.



Peter J. Corcoran, III