**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **NOVOCRYPT LLC,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | **Civil Action No. 5:17-cv-00029-RWC-CMC** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **SCOSCHE INDUSTRIES, INC.,** | § | |
| | § | |
| ***Defendant.*** | § | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Scosche Industries, Inc. ("Scosche") by and through its attorneys, respectfully submits it Answer, Affirmative Defenses, and Counterclaims in response to the claims of plaintiff Novocrypt LLC ("Novocrypt") made it its First Amended Complaint for Patent Infringement ("FAC"). Except as hereinafter expressly admitted, qualified or otherwise answered, Scosche denies each and every allegation and assertion in the FAC.

## I. ANSWER TO NOVOCRYPT'S FIRST AMENDED COMPLAINT ("FAC")

### THE PARTIES

1. Answering paragraph 1 of the FAC, Scosche is without knowledge or information sufficient to form a conclusion as to the truth or falsity of the allegations of paragraph 1, and on that basis denies the allegations.

2. Scosche admits the allegations of paragraph 2 of the FAC.

### JURISDICTION AND VENUE

3. Answering paragraph 3 of the FAC, Scosche admits that this cases arises under the patent laws of the United States, Title 35 United States Code § 1 *et seq.*, but specifically denies any wrongdoing or infringement.

4. Answering paragraph 4 of the FAC, Scosche admits that this Court has exclusive subject matter jurisdiction of patent cases under 28 U.S.C. §§ 1331 and 1338.

5. Answering paragraph 5 of the FAC, Scosche admits that it has conducted business in this Judicial District, but specifically denies that at least a portion of the alleged patent infringements occurred in this Judicial District. Scosche denies that it regularly solicits business or engages in other persistent courses of conduct in this District. Scosche denies all remaining allegations, and specifically denies that this Court has personal jurisdiction over Scosche.

6. Answering paragraph 6 of the FAC, Scosche denies that venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**THE PATENT-IN-SUIT**

7. Answering paragraph 7 of the FAC, Scosche admits that the patent number, title and issue date on the face of United States Patent No. 7,743,213 (the "'213 patent") are as recited in paragraph 7 of the FAC, and that a copy of the '213 patent is attached to the FAC as Exhibit A. Scosche denies all remaining allegations.

8. Answering paragraph 8 of the FAC, Scosche admits that a duly and legally issued patent is entitled to a presumption of validity under 35 U.S.C. § 282(a). On information and belief, Scosche denies all remaining allegations including that the '213 patent is valid.

9. Answering paragraph 9 of the FAC, Scosche lacks knowledge or information sufficient to determine the truth or falsity of the allegations contained therein, and on that basis denies all allegations.

**THE ACCUSED PRODUCT**

10. Answering paragraph 10 of the FAC, Scosche admits that Novocrypt purports to identify the Rhythm+™ Armband Heart Rate Monitor as the "Accused Product", but denies that the identified product infringes any claim of the '213 patent.

11. Answering paragraph 11 of the FAC, Scosche admits that the Accused Product is compatible with specific mobile applications on the Apple iPhone and Android phone. Scosche

further admits that the Accused Product is designed to monitor and measure a person's heart rate during exercise and transmit the heart rate information to such mobile applications on the Apple iPhone and Android phone. Scosche denies all remaining allegations.

12. Answering paragraph 12 of the FAC, Scosche admits that its website specifies that the Accused Product is compatible with specific mobile applications on the Apple iPhone and Android phone. Scosche denies all remaining allegations.

13. Scosche denies all allegations in paragraph 13 of the FAC.

14. Answering paragraph 14 of the FAC, Scosche admits that its website includes a blog that includes articles showing how to connect the Accused Product to see data on a smartphone using various iPhone and Android mobile applications. Scosche denies all remaining allegations.

15. Scosche denies all allegations in paragraph 15 of the FAC.

**COUNT I**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,743,213**

16. Answering paragraph 16 of the FAC, Scosche repeats, re-alleges and incorporates by reference each of its responses to paragraphs 1-15, above.

17. Answering paragraph 17 of the FAC, Scosche lacks knowledge or information sufficient to establish the truth or falsity of the allegations contained therein, and on that basis denies the allegations.

18. Scosche denies all allegations in paragraph 18 of the FAC, and specifically denies any wrongdoing or infringement.

19. Scosche denies all allegations in paragraph 19 of the FAC, and specifically denies any wrongdoing or infringement.

20. Answering paragraph 20 of the FAC, Scosche admits that Novocrypt provides infringement allegations in a document attached as Exhibit B. Scosche denies all allegations and/or legal conclusions set forth in Exhibit B, and denies any wrongdoing or infringement.

21. Scosche denies all allegations in paragraph 21 of the FAC, and specifically denies any wrongdoing or infringement.

22. Scosche denies all allegations in paragraph 22 of the FAC, and specifically denies any wrongdoing or infringement.

23. Scosche denies all allegations in paragraph 23 of the FAC, and specifically denies any wrongdoing or infringement.

24. Answering paragraph 24 of the FAC, Scosche neither admits nor denies that Plaintiff reserves the right to modify its direct infringement theory because this is a request to the Court that does not require a response.

25. Answering paragraph 25 of the FAC, Scosche neither admits nor denies that Plaintiff's preliminary analysis is not representative of its final claim construction position because this is a request to the Court that does not require a response.

## PRAYER FOR RELIEF

These paragraphs of the FAC set forth the statement of relief requested by Novocrypt to which no response is required. Scosche denies all allegations and/or legal conclusions in the Prayer for Relief, denies that Novocrypt is entitled to any of the requested relief or any relief whatever, and specifically denies any wrongdoing or infringement. Scosche denies that any conduct on its part subjects Scosche to any liability for damages under 35 U.S.C. §§ 284 and 285.

## JURY TRIAL DEMAND

This paragraph of the FAC sets forth Novocrypt's demand for a jury trial to which no response is required.

## II. SCOSCHE'S AFFIRMATIVE DEFENSES

Scosche asserts the following affirmative defenses. Scosche reserves the right to amend its Answer with additional defenses as further information is obtained.

### FIRST AFFIRMATIVE DEFENSE

26. Novocrypt's FAC fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

27. On information and belief, the claims of the '213 patent are invalid pursuant to one or more of the requirements of Title 35 of the United States Code including without limitation 35 U.S.C. §§ 102, 103, 112.

**THIRD AFFIRMATIVE DEFENSE**

28. Scosche does not and has not directly infringed any claim of the '213 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

29. On information and belief, Novocrypt's claims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

30. Novocrypt's claim for damages is subject to the six year time limitation pursuant to 35 U.S.C. § 286.

**SIXTH AFFIRMATIVE DEFENSE**

31. On information and belief, Novocrypt's claim for damages is limited or barred by the marking and notice requirements of 35 U.S.C § 287.

**SEVENTH AFFIRMATIVE DEFENSE**

32. On information and belief, Novocrypt's claim for costs is barred by the disclaimer requirement before the Patent and Trademark Office under 35 U.S.C § 288.

## III. COUNTERCLAIMS

Defendant and counterclaimant Scosche, by and through its counsel, hereby counterclaims against plaintiff and counterclaim-defendant Novocrypt as follows:

**JURISDICTION AND THE PARTIES**

33. Scosche is a California corporation with its principal place of business at 1550 Pacific Avenue, Oxnard, CA 93033.

34. According to the allegations in its FAC, Novocrypt is a Texas limited liability

company with a principal place of business at 3401 Custer Road, Suite 125-A, Plano, TX 75023.

35. This is an action seeking Declaratory Relief for which this Court has jurisdiction under Title 35 of the United States Code as well as under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

36. Novocrypt has consented to venue in this Court by filing the FAC in the Eastern District of Texas, in response to which these Counterclaims are asserted. By virtue of at least its filing of this lawsuit, this Court has personal jurisdiction over Novocrypt.

**FIRST COUNTERCLAIM FOR NON-INFRINGEMENT**

37. Scosche repeats, re-alleges and incorporates by reference paragraphs 33-36 above as if fully set forth herein.

38. By filing its FAC, Novocrypt has purported to assert claims against Scosche for alleged infringement of the ‘213 patent.

39. Scosche has denied Novocrypt’s claims of infringement and believes the FAC has been filed without good cause.

40. An actual controversy has arisen between Scosche and Novocrypt concerning the alleged infringement of the ‘213 patent.

41. Under the Federal Declaratory Judgment Action, 28 U.S.C. § 2201 *et seq.*, Scosche is entitled to judgment from this Court finding that the ‘213 patent is not infringed by Scosche.

**SECOND COUNTERCLAIM FOR INVALIDITY – 35 U.S.C. §§ 102, 103, 112**

42. Scosche repeats, re-alleges and incorporates by reference paragraphs 33-41 above as if fully set forth herein.

42. Scosche has, on information and belief, denied that the claims of the ‘213 patent are valid and has further asserted that such patent claims are invalid pursuant to Title 35 of the United States Code including without limitation U.S.C. §§ 102, 103 and 112.

43. Scosche is entitled to judgment from the Court finding that the claims of the ‘213

patent are invalid pursuant to Title 35 of the United States Code and U.S.C. §§ 102, 103 and 112.

**WHEREFORE,** Scosche prays for relief as follows:

A. For a declaratory judgment that the ‘213 patent, and each and every asserted claim thereof, be declared not infringed;

B. For a declaratory judgment that the claims of the ‘213 patent be declared invalid;

C. That the Court deem this to be an extraordinary case within the meaning of 35 U.S.C. § 285; and

D. That Scosche be awarded its attorneys’ fees and disbursements, its taxable costs, and such other and further relief as the Court shall deem just and reasonable.

**DEMAND FOR JURY TRIAL**

As provided by Federal Rule of Civil Procedure 38, Scosche hereby respectfully requests a trial by jury of all issues triable to a jury in this action.

Dated: May 9, 2017

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: 903-230-9090
Facsimile: 903-230-9661
Email: bdavis@bdavisfirm.com

Of counsel

Craig Gelfound (Pro Hac Vice)
**Arent Fox LLP**
555 West 5th Street, 48th Floor
Los Angeles, California 90013
Telephone: (213) 443-7604
Facsimile: (415) 757-5501
Email: Craig.Gelfound@arentfox.com

**ATTORNEYS FOR DEFENDANT SCOSCHE INDUSTRIES, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 9th day of May 2017.

/s/ William E. Davis, III
William E. Davis, III